The Chief Justice
delivered the opinion of the court.*
This is an appeal from a judgment of the general court, quashing a writ of habere facias possessionem, which had issued on a decree obtained by the appellant against Sarah Mitchel, and awarding restitution to the appellees, who had been turned out of possession by the sheriff, in virtue of the said writ.
The motion to quash, and for restitution, was made on the following grounds:
1. That the writ of possession was issued irregularly, the decree on which the same purports to have been issued, having been pronounced more than a year prior to the suing out that or any other writ of possession on said decree. 2. That the said writ unwarrantably issued without a scire facias having been previously issued against, and served on, the tenants on the premises. And, 3d, That the said writ was illegally proceeded on, and executed by, the sheriff: he having made use of unauthorised and illegal violence on the goods and chattels of the tenants on the premises.
A purchaser of lands, lis pendens, is subject to eviction by habere facias, without being made a party.
Neither of these grounds, we apprehend, can be sustained. The first is clearly untenable. The decree was pronounced against Mrs. Mitchel, in January, 1816, for the tract of land in question, but in the decree her right of dower was reserved, and it was further provided, that if she should, on or before the first of December ensuing, have her dower allotted and set apart, she should then only surrender to the appellant so much of the tract as should not be allotted to her. At the January term, 1817, an order was made, awarding a writ of habere facias possessionem to the appellant, and the writ was accordingly issued in February, 1817. From this state of the case, it is evident, that until after the first of December next, subsequent to pronouncing the decree, a writ of habere facias possessionem could not have issued on the decree; for, as Mrs. Mitchel was allowed until that time to have, her dower allotted to her, the part of the tract to which the appellant might be entitled under the decree, must, till then, have been wholly uncertain.
And when a judgment or decree is thus suspended in its operation until a future day, it is clear that an execution may, at any time thereafter within a year and a day, regularly issue without a scire facias, as is evinced by every day’s practice; consequently, as the writ of habere facias possessionem, in this case, issued in less than three months after the decree, by its own terms, was to have operation and effect, the first ground of objection to it fails.
The second ground is no less untenable.
If it had appeared that the appellees had been in possession, not under the defendant in the suit in which the decree was pronounced, but in virtue of a paramount title, they would no doubt have been entitled to the interposition of the court in their favor. But they have not shewn how they claim, and in the absence of all proof of the fact, we cannot presume that they held under such title, and if they held under the defendant in the suit, whether as lessees or as purchasers, as it appears they obtained the possession pending the suit, the decree is unquestionably obligatory upon them, as well as the defendant; and We are acquainted with no principle or practice which would require a scire facias to be served on them before they could be turned out of possession.
With respect to the third ground of the motion in this case, without deciding whether, if true, it would be avail *41 able, it is sufficient to remark, that it is wholly unsupported in point of fact.
Wickliffe for appellant, Talbot for appellee.
The judgment must therefore be reversed with costs, and the cause remanded, that the motion may be dismissed with costs.

Absent, Judge Rowan.